UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY LAMOUNT BRADLEY, <br><br>            Plaintiff, <br><br>   v. <br><br> CAPTAIN, et al., <br><br>            Defendant. | CASE NO. 2:22-cv-00776-RSM-BAT <br><br> **REPORT AND RECOMMENDATION** |

On June 4, 2022, Plaintiff, a pretrial detainee at the King County Regional Justice Center (RJC), submitted for filing a *pro se* complaint under 42 U.S.C § 1983. He alleges in Count I the RJC's grievance program and procedures undermines justice. In Count II, Plaintiff alleges his 2018 arrest for controlled substances and prosecution by the King County Prosecutor caused him stress. As relief, Plaintiff seeks monetary damages, and federal charges against the prosecutor, among other things.

The Court screened the complaint under 28 U.S.C. § 1915A(a), which requires the Court to "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The Court found Plaintiff's complaint to be

REPORT AND RECOMMENDATION - 1

deficient and directed him to show cause why it should not be dismissed. Plaintiff was directed to file his show cause response with the Court no later than June 24, 2022 and notified that the failure to file a response, or the submission of a response that fails to show cause will result in a recommendation that his case be dismissed.

On June 18, 2022, correspondence from the Court to Plaintiff was returned because Plaintiff had been released from custody. Since the Court received the complaint on June 4, 2022, the Court has received no communication from Plaintiff.

Accordingly the Court recommends the complaint be dismissed for failure to prosecute and failure to state a claim upon which relief may be granted.

## DISCUSSION

Local Civil Rule ("LCR") 10(f) requires a party to notify the Court of any change of address or telephone number within 10 days of the change.

LCR 41(b)(2) further provides:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address …. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office … and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

Mail directed to plaintiff by the Court was returned by the post office over sixty days ago. Plaintiff has not notified the Court of his current address, and his whereabouts are unknown. The complaint should be dismissed for failure to prosecute.

The complaint should also be dismissed for failure to state a claim upon which relief may be granted. Plaintiff alleges in Court I the RJC's grievance procedure violates his rights because jail staff involved in the process are not impartial and thus submitting a grievance does not provide Plaintiff any relief. Prisoners possess certain Fourteenth Amendment's Due Process

REPORT AND RECOMMENDATION - 2

rights. However, the Fourteenth Amendment due process clause applies only to constitutionally protected liberty or property interests. *Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977). Prisoners do not possess a separate constitutional entitlement to a specific jail or prison grievance procedure, and hence Plaintiff's unhappiness with the RJC grievance procedure or the manner in which Defendants handled his grievances fail to state a claim upon which relief may be granted. *See, e.g., Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure.") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Count I thus fails to state a claim upon which relief may be granted and is subject to dismissal with prejudice.

Plaintiff alleges in Count II that his 2018 arrest and prosecution violated his rights. This claim is barred by the statute of limitations. Section 1983 contains no statute of limitations. This Court thus must apply the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

REPORT AND RECOMMENDATION - 3

Here, the complaint alleges Plaintiff was arrested and prosecuted in 2018. Plaintiff obviously was aware in 2018 of the alleged violations. Plaintiff's claim of improper arrest and prosecution triggers the date upon which his claim accrues as it did in *Wallace v. Kato*, 549 U.S. 384 (2007), a case in which the Supreme Court held a § 1983 claim for false arrest accrues when the person arrested makes his initial appearance. Hence plaintiff was aware of the facts underlying his current complaint well before the statute of limitations expired in 2021. Count II thus alleges a claim barred by the statute of limitations.

The Court also notes the allegation against the prosecutor in Count II is barred by immunity doctrines. Prosecutors are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983 where the prosecutor "acts within his or her authority and in a quasi-judicial capacity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31); *see also Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 674, 678 (9th Cir. 1984) ("If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted.") (quoting *Imbler*, 424 U.S. at 430-31). Prosecutorial immunity applies, furthermore, "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Ashelman*, 793 F.2d at 1075 (quoting *Campbell v. Maine*, 787 F.2d 776, 778 (1st Cir. 1986)). Thus, Plaintiff's claims against the prosecuting attorney and his office are barred by immunity doctrines.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 4

Objections, however, may be filed and served upon all parties no later than **August 19, 2022**. The Clerk should note the matter for **August 19, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 5th day of August, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5